# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:11CV-279-S

**DAVID R. ZITTER**                                                                                   **PLAINTIFF**

v.

**DORTHY DENHLER** *et al.*                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff David R. Zitter filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff also filed an application to proceed without prepayment of fees. **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 5) is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff filed this action on a court-supplied § 1983 complaint form. As Defendants Plaintiff names Dorthy Denhler and rest of Family, Judge Bathmellow, Judge Collons, Baraba Orr, and Seven Counties.[1] While the complaint is not entirely clear, Plaintiff complains about an October 2009 court hearing. He states: "I was told I had to be in only 30 day on my midemenor charge by clients. Also I did not sign any papers on Oct 15 or July 1 2010 with Seven Counties or nor was I handed papers pink slip when I was release by the court on July 1 2010." He also states:

---

[1]Plaintiff actually lists these parties as Plaintiffs in the complaint caption. However, it is clear he intends to name them as Defendants.

> This court hearing is all verbal games of mind terror on my plea (guilty) it has no diversion or community service . . . check the commonwealth attorney office why do they play mind terror I show my slips to the Judges (Collons and Bathmellow) try to ask them my defense in 104 Then Collon said Tia Jenkins set me up tired of mind bending at 104 & 308.
>
> . . .
>
> I upset Dr Harrison accuse me of homosexual behavor insults I do not do this evil behavior no my life style of choice ever because of my religious believe of Roman Catholic Chasity rights. I just a abuse gifted human being by my family because of my religious belief since youth. I have been insulted by mental health which has bill me my Humana Part C & D and tried to bill Medicare even. I do not believe my money should pay any medical service . . . Was set up by vicious acts of harassment and humiliation by private citizens and county courts.

To his complaint Plaintiff attaches a Jefferson District Court agreed order to set aside conviction upon completion of mental health enhanced supervision, an order of conditional release, and a Seven Counties Services, Inc. psychiatric evaluation of him dated December 1, 2009.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and

2

the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**A.      Denhler, Orr, and family members**

The complaint makes no reference to Dorthy Denhler or Baraba Orr. It states no facts regarding personal involvement by these Defendants. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Because Plaintiff has not alleged any facts involving Denhler or Orr, the complaint fails to state any claims for relief against them, and the claims against these Defendants will be dismissed.

Plaintiff included "rest of family" in his list of Defendants. Plaintiff makes a reference to being abused by his family. Section 1983 has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The United States Constitution does not apply to the conduct of private entities or persons; it applies to conduct by the government. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). Plaintiff's family members are presumably private citizens, and the complaint does not allege otherwise. As such, they have no liability under § 1983, and

3

Plaintiff's claim against them will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Judges Bathmellow and Collons**

The complaint references Judge Bathmellow and Judge Collons, but it is unclear exactly what Plaintiff is asserting against them or on what grounds for relief he relies. In any event, judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff makes no allegation that these judges acted outside of their judicial functions in their dealings with him. Therefore, the claims against Judges Bathmellow and Collons will be dismissed for failure to state a claim.

**C.     Seven Counties**

The complaint also references Seven Counties. Plaintiff's claim against Seven Counties seems to stem from actions by Dr. Harrison, who was apparently employed by Seven Counties. However, an employer is not subject to liability under § 1983 for the actions of its employee because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)).

Here, even if any action by Dr. Harrison rose to the level of a constitutional violation, Plaintiff fails to demonstrate any facts showing that Seven Counties encouraged any specific incidents of misconduct or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, Plaintiff's claim against Seven Counties will be dismissed for failure to state a claim upon which relief may be granted.

A separate Order of dismissal will be entered consistent with this Memorandum Opinion and Order.

Date:

cc: Plaintiff, *pro se*
4411.010